By the Court, †—Mason, J.
It is claimed by the respondent’s counsel, upon the authority of the case *184 of New York Central R. R. Co. v. Marvin, 11 N. Y. [1 Kern.], 276, that no appeal will lie to the general term from the order of the special term, in a case like the present. It is proper to remark that that case was decided under the general railroad act of 1850, and involved the right of appeal to the court of appeals alone (Laws of 1850, ch. 140). The act of April, 15, 1854, entitled “An act in relation to special proceedings” (Laws of 1854, ch. 270, § 1), provides that “an appeal may be taken to the general term of the supreme court, &e., from any judgment, order, or final determination made at a special term of said court, in any special proceedings therein’ and the next section of the act applies sections 337, 338, 330, and 333 to all appeals in such special proceedings.
This is an appeal from an order made at special term, in special proceedings (11 N, Y. [1 Kern.] 276, 277), and is fully authorized by the act of 1854.
I have looked very carefully through this case, and have not been able to discover that any rule of law was violated by the commissioners upon the hearing of this case.
They-certainly held to rules of evidence extremely liberal in the defendant’s favor, in the admission of evidence, and excluded nothing that could be admitted upon any principle.
Judge Campbell
ordered a rehearing on the appeal before him, upon the ground, as stated in the order, “that the commissioners before whom the award and report were made, did not, in fixing and determining the amount that ought justly to be paid to the said Gideon M. Dayton, for the real estate proposed to be taken by said company, consider and allow for the inconveniences to the said mill of the said Gideon M. Dayton, occasioned by the taking of the real estate by the said company for their said railroad,” &c.
The learned judge, in my judgment, committed an *185 error in interfering with the assessment of the commissioners.
•The land actually was not worth more than sixty dollars ; and the commissioners allowed the defendants five hundred dollars damages.
The commissioners, therefore, not only allowed the defendant for the value of the land taken, but over four hundred dollars for the depreciation of the land not taken.
The commissioners were required to view the premises and hear the proofs and allegations of the parties, and to make up their award both from their own examination of the premises and the proofs, and this they have done; and as they have not violated any rule of law, I do not think this court can be justified in saying that they erred upon this question of fact. The commissioners were not bound in law to follow the opinions of the witnesses, who stated the depreciation of this property for mill purposes to be from one thousand to twelve hundred dollars,—in consequence of constructing this railroad through these lands, or of taking this strip of ninety feet for a railroad.
They saw the premises, and heard all the evidence, and were to award the defendant, first, what they considered would be a just compensation to be made to the defendant in the premises, giving to him the fair value of the land, and second, a just compensation for the effect which the talcing would have in depreciating the market value of what is left.
We cannot say that the commissioners have not done this in the present case. The rule laid down by the judge at special term will hardly do, I think.
The commissioners should not consider and allow for the inconveniences to the land and mill” as such. The rule laid down by the, court in the case of the Canandaigua & Niagara Falls R. R. Co. v. Payne (16 Barb., 273), is sound, and should be adhered to.
*186 The last paragraph in the head note to that case contains the true rule, and is approved. The order oi the special term is rescinded, and the assessment and award of the commissioners should be confirmed with ten dollars costs to appellants.
Parker and Balcom, JJ., concurred.
Order rescinded and award confirmed.

 Present, Mason, Balcom and Parker, JJ.